# United States District Court
For the
## Western District of Wisconsin

---

THE ESTATE OF ASHLEY DIPIAZZA,
BY PERSONAL REPRESENTATIVE JOSEPH DIPIAZZA

        Plaintiff,

                                          Case No.  16cv060

  v.

CITY OF MADISON,
and JUSTIN BAILEY, GARY PIHLAJA,
and CAREY LEEREK
In their Individual Capacities,

        Defendants.

---

**Motion in Limine No. 4**

**Plaintiff's Rule 401, 403, and 404 Motion in Limine
To Exclude Evidence of Prior Police Contacts Unknown to Any Officer on Scene**

---

      The Plaintiff, by its counsel, hereby moves the Court for an order precluding Defendants or any defense witness from testifying as to any of Ms. DiPiazza's prior police contacts that were unknown to any officer on the scene.

      Ms. DiPiazza had a history of various police contacts for minor incidents, mostly involving being a witness to crimes, domestic disputes, disorderly conduct, underage drinking, or some combination thereof.  None of these minor reported contacts was known to any officer on the scene.  Here is Defendant Pihlaja's testimony on this subject:

> Q   Ashley had no criminal history that you were aware of at the time you used force, correct?
>
> A   Not that I'm aware of.
>
> Q   And you're aware that for 45 minutes or so on the scene there were several officers who have been trying to intel between Sergeant Sweeney and Officer Bee Xiong and Officer Hamilton?
>
> A   That's correct, yes.
>
> Q   And you had a reasonable expectation that if they had known that she was some sort of ex-con or dangerous felon, they would have shared that information with you so as to make your threat perception more accurate, correct?
>
> A   In a perfect world, yes, that would happen.
>
> Q   And you would have a reasonable expectation that your co-workers would give you that information if they had it, correct?
>
> A   Yes.  If -- yes.  If feasible to do so, yes.

(Pihlaja Dep., 117:25-118:17); *see also*, Sweeney Dep., 70:4-72:8; Bailey Dep., 96:10-15;)

The only police contact of which the officers may have been aware was the March 29, 2014, contact.  This contact was very recent (approximately six weeks earlier), and it involved four of the officers on the scene of the shooting – Officer Xiong, Sgt. Sweeney, Officer Carey Leerek, and Officer Cate Leerek.  Moreover, this March, 2014, contact was discussed among the officers when they arrived at the same location on May 18, 2014.  (Xiong Dep., 15:8-15:25.)  Because this prior contact was the only contact known to the officers at the time of the shooting, it is the only prior contact that has relevance to this case.

It "is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure…warrant a man of reasonable caution in the belief that the action taken was appropriate?" *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 1880, 20 L. Ed. 889 (1968). The objective reasonableness of an officers' force decision is judged based on the "circumstances known and information available to the officer at the time of his action." *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988). "Under the circumstances refers only to those circumstances known and information available to the officer at the time of his action." *Deering v. Reich*, 183 F.3d 645, 653 (7th Cir. 1999).

The Defendants should be prohibited from introducing irrelevant character evidence through evidence about these prior police contacts that were unknown to any officer on the scene at the time force was used, because they are entirely irrelevant to the use of force analysis but may well serve to confuse the issues and prejudice the jurors against Ms. DiPiazza.

Dated this Friday, April 14, 2017.

Respectfully submitted,

Estate of Ashley DiPiazza,
by Personal Representative Joseph DiPiazza

Plaintiff, by

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284

ANDREA J. FARRELL
State Bar No. 1064773
131 West Wilson Street, Suite 1200
Madison, WI 53703
Phone: 608 283-6001
Fax: 608 283 0945
E-mail: jsolson@scofflaw.com
ajf@scofflaw.com


/s/ Andrea J. Farrell
_____

Andrea J. Farrell

ATTORNEYS FOR PLAINTIFF


**Certificate of Service**

I hereby certify that on Friday, April 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Amanda Jane Kaiser, Kathryn A. Harrell, Claude Covelli and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

/s/Andrea J. Farrell

_____

4