# United States District Court
For the
# Western District of Wisconsin

THE ESTATE OF ASHLEY DIPIAZZA,
BY PERSONAL REPRESENTATIVE JOSEPH DIPIAZZA

        Plaintiff,

                                           Case No.  16cv060

  v.

CITY OF MADISON,
and JUSTIN BAILEY, GARY PIHLAJA,
and CAREY LEEREK
In their Individual Capacities,

        Defendants.
_____

**Motion in Limine No. 8**

**Plaintiff's Rule 401 and 403 Motion in Limine**
**To Exclude Information that was Unavailable to the Responding Officers,**
**Specifically Things Alex Told the 911 Operator that were Not Passed Along to the**
**Responding Officers**
_____

The Plaintiff, by its counsel, hereby moves the Court for an order precluding

Defendants or any defense witness from testifying as to any information that was

unavailable to the officers at the time they used force, specifically any of the things that

Alex reported to the 911 operator which were not relayed to the officers.

It "is imperative that the facts be judged against an objective standard: would the

facts available to the officer at the moment of the seizure…warrant a man of reasonable

caution in the belief that the action taken was appropriate?"  *Terry v. Ohio*, 392 U.S. 1,

21-22, 88 S.Ct. 1868, 1880, 20 L. Ed. 889 (1968).  The objective reasonableness of an officers' force decision is judged based on the "circumstances known and information available to the officer at the time of his action."  *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988).  "Under the circumstances refers only to those circumstances known and information available to the officer at the time of his action."  *Deering v. Reich*, 183 F.3d 645, 653 (7th Cir. 1999).

There is some information that the Defendants appear ready to introduce that was not made available to the officers at the time of the shooting.   All of the information conveyed to the officers involved is unquestionably admissible.  However, if Defendants seek to introduce inflammatory "context" evidence that was unavailable to the officers at the time of the shooting, such evidence should be ruled inadmissible.  (*See* Dkt. 14, Answer to First Amended Complaint, ¶ 6, alleging that Alex told the 911 operator that he was "very afraid."  *See also* Huth Dep., 95:5-100:17, 125:18-127:19, seeking to introduce, through expert testimony, "context" evidence that Alex told the 911 operation that "he did not know Ms. DiPiazza to be suicidal, but that she gets really upset most of the time," and that he said, "I'm a little afraid, really afraid," (which he uses to  opine that Alex meant  he was afraid of Ashley, despite (a) having no way of knowing whether he was in fear for himself or in fear that his girlfriend might shoot herself, (b) this information not actually being shared with the officers on the scene, and (c) this information being contrary to the information the officers actually had – that Ashley had *not* threatened Alex in any way, and that it was more like she was

threatening herself.)  The Defendants have introduced this evidence (in their Answer and through their expert) while ignoring other information Alex gave the 911 operators, including that neither he nor anyone else was in any immediate danger, that Ashley did not want to leave the apartment, that Ashley has not been violent with him, that she had no access to a vehicle and could not leave, and that she had not done anything like this before "but she gets really loud and she like cries."

The only evidence that is relevant is that information which was relayed, and therefore available, to the officers.  The information that Dispatch shared with the officers did not include Alex's final statement to the 911 operator, that he was "a little afraid, really afraid."  It also did not include information such as that Ashley did not have access to a vehicle, and could not leave.  All of the information collected by the 911 operator which was not made available to the officers on the scene is irrelevant.

The Defendants should be prohibited from introducing "context" evidence unknown to any officer on the scene at the time force was used, because it is entirely irrelevant to the use of force analysis (Rule 401), but it will serve to distract from totality of circumstances standard under which the officers should be judged, and prejudice the jurors against Ms. DiPiazza (Rule 403).  The information from the 911 call that was available to the officers was only the information that was actually conveyed to the officers, and the information conveyed is the only relevant "context" evidence the jury should receive.

Dated this Friday, April 14, 2017.

3

Respectfully submitted,

Estate of Ashley DiPiazza,
by Personal Representative Joseph DiPiazza

Plaintiff, by

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
ANDREA J. FARRELL
State Bar No. 1064773
131 West Wilson Street, Suite 1200
Madison, WI  53703
Phone:        608 283-6001
Fax:          608 283 0945
E-mail:       jsolson@scofflaw.com
              ajf@scofflaw.com


/s/    Andrea J. Farrell
_____

Andrea J. Farrell

ATTORNEYS FOR PLAINTIFF


**Certificate of Service**


I hereby certify that on Friday, April 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Amanda Jane Kaiser, Kathryn A. Harrell, Claude Covelli and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

/s/Andrea J. Farrell

_____