IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

THE ESTATE OF ASHLEY DIPIAZZA,

                      Plaintiff,                    OPINION AND ORDER

    v.

                                                16-cv-60-wmc

JUSTIN BAILEY, GARY PIHLAJA,
and CARY LEEREK,

                      Defendants.

---

Following the pretrial conference on May 9, 2017, the court issued a written order ruling on some outstanding issues while deferring others. (Dkt. #207.) Specifically, and consistent with that order, the court continues to reserve as to the limited, remaining issues raised in the parties' motions in limine until the final pretrial conference on July 6, 2017, with the expectation that counsel will have met and conferred to narrow those issues as much as possible in advance of that conference. Since defendants have now responded to plaintiff's trial briefs requesting more specific jury instructions (dkts. ##160 and 195), however, the court addresses those proposed instructions here. Finally, the court addresses plaintiff's objections (dkt. #204) to defendants' deposition designations.

OPINION

**A. Jury Instructions**

As a general matter, both sides will, of course, be free to highlight any particular facts in evidence and the relevant factors that may be considered as part of the "totality of the circumstances" analysis, but neither are entitled to more specific legal instructions

that are likely to distract and mislead jurors more than help them correctly apply the law to the facts of this case. For example, plaintiff requests more specific jury instructions as to when an officer may lawfully use deadly force, as well as when an officer must cease using force, if the surrounding circumstances that initially justified the use of force have changed. For the following reasons, both requests will be denied at this time.

The closing instructions that the court has provided the parties already include the second sentence of Plaintiff's Requested Liability Instruction No. 10 ("Officers may not use deadly force against suicidal people unless they threaten harm to others, including the officers." (Dkt. #160, at 5-6.)) The court rejects the remainder of that requested instruction because it relies on a statement of state law (Wis. Stat. § 939.48(5)) that is inapplicable to this case and risks confusing jurors. For the same reasons, the court rejects the addition of more specific language from select court rulings interpreting "reasonableness" in other factual circumstances of, at best, dubious applicability to this case. The court further agrees with defendants that Plaintiff's Requested Liability Instruction No. 9 (dkt. #160, at 7) is inappropriate because it too seeks to apply narrow legal statements from factually distinguishable cases, which involve the apprehension of "fleeing felons" and the use of non-lethal force against uncooperative, but non-threatening suspects.

Equally problematic is Plaintiff's Requested Liability Instruction No. 15, purporting to address when an officer must *stop* shooting if the circumstances that justified the use of deadly force have sufficiently changed. (Dkt. #160, at 8-9 and dkt. #195, at 1-2.) The parties' additional briefing on this issue is largely a regurgitation of

2

the briefing on defendants' first and second motions in limine (to preclude evidence of the number of shots fired, wounds sustained, and bodily orientation of the victim), which the court has already addressed in part and decided to reserve in part until the final pretrial conference. (*See* Defs.' Resp. Pl.'s Trial Br. No. 4, dkt. #208, at 1-2.) As the court has already stated, those remaining issues are better addressed after the parties have conferred and attempted to narrow the scope of any disputes, as well as plaintiff's short proffer to the court regarding the evidence it intends to present at trial as to: the amount of time that elapsed between the first and last shot fired; the number of rounds typically discharged by two officers in that amount of time; and the general ability of a trained officer to stop shooting in a high stress environment.

Even then, the court still does not see how plaintiff's Instruction No. 15 would be either helpful or appropriate to the jury given the facts and circumstances of this case. Here, the more general instruction the court has already proposed regarding the totality of the circumstances would seem to be sufficient:

> In deciding whether officers Bailey and Pihlaja used unreasonable force, you should consider all of the circumstances. The circumstances you may consider include: the need for the use of force; the amount of force that was used compared to the need for the use of force; the danger or threat reasonably perceived by the officers to themselves or to others; and any efforts made by the officers to temper or limit their use of force. You are not limited to just these circumstances; you may consider other circumstances as well.

Although the court is skeptical that anything further or more specific than that would be appropriate, the parties may present any further argument they wish on this matter at the final pretrial conference.

**B. Objections to Perales-Saunders Deposition Designations**

Plaintiff's general objection to the admission of the deposition testimony of Alejandro Perales-Saunders has already been denied in a previous order of this court (dkt. #207), but the court will address plaintiff's specific objections to defendants' designations here. (Dkt. #204.) Those objections are sustained in part and overruled in part as follows:

**Deposition of Alejandro R. Perales-Saunders (March 24, 2017) (Dkt. #106)**

| Defendants' Designations | Plaintiff's Objections (dkt. #204) | Rulings |
| --- | --- | --- |
| 5:8-23 | Relevance | Overruled |
| 7:2-4, 15-17 | Relevance (to the extent not known by the officers at relevant time) | Overruled |
| 8:3-10 | Relevance (to the extent not known by the officers at relevant time) | Overruled |
| 26:18-23 | Relevance; improper character evidence | Sustained |
| 27:20-24 | Relevance; improper character evidence | Overruled |
| 30:17 – 31:15 | Relevance (to the extent not known by the officers at relevant time) | Overruled |
| 32:2 – 41:22 | Cumulative and unreliable | Overruled as to 32:2 – 33:4; 33:19 – 35:15; 35:23 – 40:13[1]<br><br>Sustained as to 33:5-18; 35:16-22; 40:14 – 41:22; |

---

[1] Plaintiff may include as counter-designations the additional deposition testimony excerpts referenced in its footnoted objection to this designation at dkt. #204, at 19 n.2.

| | | |
|---|---|---|
| 50:4-12 | Relevance | Sustained |
| 177:19-24 | Cumulative | Sustained |
| 184:24 – 185:17 | Cumulative | Sustained |
| 190:14 – 191:10 | Relevance; improper character evidence | Sustained |

ORDER

IT IS ORDERED that:

1) Plaintiff's requests for more specific jury instructions in its first and fourth trial briefs (dkts. ##160 and 195) are DENIED at this time. Consistent with the court's prior pretrial conference order (dkt. #207), the parties may submit any proposed revisions to the court's jury orientation remarks, voir dire questions, and introductory and closing instructions in advance of the final pretrial conference.

2) Plaintiff's specific objections to defendants' deposition designations (dkt. #204) are SUSTAINED in part and OVERRULED in part as set forth above.

3) The court will continue to reserve as to any remaining issues raised by the parties' motions in limine until the final pretrial conference, as noted above and ordered in the court's earlier written rulings (dkts. ##205 and 207).

Entered this 30th day of June, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge