IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF ASHLEY DIPIAZZA,

                Plaintiff,                ORDER

   v.

                                              16-cv-60-wmc

JUSTIN BAILEY, GARY PIHLAJA,
and CARY LEEREK,

                Defendants.

---

      The parties have filed a joint request for a telephonic status conference to discuss issues related to impending post-trial motions, namely the parties' proposed schedule and "other logistics." (Dkt. #252.) In particular, defendants are effectively seeking an extension of time within which to file and brief "several post-verdict motions, including qualified immunity." (*Id.*) However, this court lacks the discretion to extend the deadlines for filing post-trial motions of this nature. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see also Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 582 (7th Cir. 2012) ("In order to be 'timely,' IBEW's motions had to be filed within the 28–day period provided in Federal Rules of Civil Procedure 50 and 59. The fact that the district court purported to extend the time past that 28-day period is of no moment. Civil Procedure Rule 6(b)(2) prohibits a court from doing exactly this.").

      Even so, defendants' concerns about timing are understandable, particularly given the parties' representation that the full trial transcript may not be available to them for up to a month. Therefore, the court will partially accommodate the parties' request as to

the briefing schedule of any post-trial motions, as set forth below, understanding that *all* post-trial motions and filings will be resolved on the same timeline, including those seeking costs or fees pursuant to Rule 54(d). Unless the court has missed a concern raised in the parties' joint submission, it would appear that no status conference is necessary to set this schedule or to discuss any other logistical issues at this time, although the parties may renew their request for a status conference if either side believe otherwise.

Accordingly, IT IS ORDERED that:

1) Defendants must file any and all post-trial motions pursuant to Federal Rules of Civil Procedure 50, 59, or 60, setting forth the basic grounds for relief, within the time limits imposed by those Rules.

2) The deadline for defendants to file their initial *brief* and other materials in support of any such post-trial motions is extended until 30 days after the full trial transcript is filed on the court's electronic docket. Plaintiff's response will be due within 21 days after defendants' initial brief is filed, and defendants' reply will be due within 14 days after plaintiff's response is filed.

3) The deadline for plaintiff to file any bill of costs pursuant to Rule 54(d)(1) or motion for an award of attorney's fees pursuant to Rule 54(d)(2) is extended until 30 days after the full trial transcript is filed on the court's electronic docket. Defendants may file a responsive submission within 21 days of any such motion or filing. Defendants should note that if they challenge the reasonableness of plaintiff's fee request in that response, their counsel shall also contemporaneously submit their itemized time records, invoices and proof of payment of such invoices. Plaintiff may file a reply within 14 days of defendants' response.

Entered this 19th day of July, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge